any other claimant. "A failure by the insurer to give such notice as soon as is reasonably possible after it first learns of the accident or of grounds for disclaimer of liability or denial of coverage, precludes effective disclaimer or denial" (*Hartford Ins. Co. v County of Nassau*, 46 NY2d 1028, 1029, *rearg denied* 47 NY2d 951). An insurer must provide timely notice of disclaimer even where, as here, the insured or injured claimant has in the first instance failed to provide the insurer with timely notice of the accident (*see, Matter of Nationwide Mut. Ins. Co. v Steiner*, 199 AD2d 507).

The issue whether an insurer has disclaimed liability "as soon as is reasonably possible" is ordinarily a question of fact that depends on all the facts and circumstances, especially the length of and reason for the delay (*see, Hartford Ins. Co. v County of Nassau, supra*, at 1030; *Allstate Ins. Co. v Gross*, 27 NY2d 263, 270; *State Farm Mut. Auto. Ins. Co. v Daniels*, 269 AD2d 860). An unexplained delay of two months has been held to be unreasonable as a matter of law (*see, Hartford Ins. Co. v County of Nassau, supra*, at 1030). However, "[t]he reasonableness of an insurer's delay of less than two months is generally viewed as a factual issue that should not be resolved on a motion for summary judgment" (*Utica Fire Ins. Co. v Spagnolo*, 221 AD2d 921, 922). Because there was a delay of 52 days in disclaiming coverage, the reasonableness of that delay is a factual issue for trial (*see, Utica Fire Ins. Co. v Spagnolo, supra*, at 922; *Wilczak v Ruda & Capozzi*, 203 AD2d 944). Therefore, we modify the order by denying Home Mutual's motion and reinstating the complaint. (Appeal from Order of Supreme Court, Erie County, Flaherty, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Scudder and Lawton, JJ.

■ JOHN KING et al., Respondents, v COMPUTER CONSOLES, INC., et al., Appellants. (Appeal No. 1.) [710 NYS2d 234] —Appeal unanimously dismissed without costs (*see,* CPLR 5501 [a] [1]). (Appeal from Order of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Pine, Scudder and Lawton, JJ.

■ JOHN KING et al., Respondents-Appellants, v COMPUTER CONSOLES, INC., et al., Appellants-Respondents. (Appeal No. 2.) [708 NYS2d 684] —Appeal and cross appeal unanimously dismissed without costs (*see, Matter of Laborers Intl. Union v Shevlin-Manning, Inc.*, 147 AD2d 977). (Appeals from Order of Supreme Court, Monroe County, Stander, J.—Contract.) Present—Pigott, Jr., P. J., Pine, Scudder and Lawton, JJ.